<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1062**

ADEPTECH SYSTEMS, INC.,

Plaintiff – Appellant,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendant – Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema,
District Judge.  (1:11-cv-00383-LMB-JFA)

Argued: December 7, 2012          Decided: December 28, 2012

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Peter Linn Goldman, Alexandria, Virginia, for Appellant.
Jerry Cuomo, LANDMAN, CORSI, BALLAINE & FORD, PC, Newark, New
Jersey, for Appellee.  **ON BRIEF:** Mark S. Landman, LANDMAN,
CORSI, BALLAINE & FORD, PC, New York, New York, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Adeptech Systems, Inc. ("Adeptech") appeals the district court's grant of Appellee Federal Home Loan Mortgage Corporation's ("FM") motion for summary judgment. The district court's entry of judgment terminated Adeptech's action against FM, which asserted claims under Virginia law arising out of Adeptech's negotiation with FM to supply it with loan review software created by Visionet Systems, Inc. ("Visionet"). For the reasons set forth below, we affirm.

The district court concluded that the evidence provided by Adeptech was insufficient to create any genuine issue of material fact, and thus found judgment against Adeptech appropriate as a matter of law. As relevant to this appeal, the district court rejected Adeptech's breach of contract claim, holding that no reasonable interpretation of the confidentiality agreement between FM and Adeptech prevented FM from discussing Adeptech's confidential pricing information with Visionet, Adeptech's bidding partner. The district court similarly rejected Adeptech's civil conspiracy claim because Adeptech supplied no evidence to support its allegations that FM and Visionet had formed a secret agreement to cut Adeptech out of the software deal in order to deprive Adeptech of fees owed it as the "value-added reseller" of the software.

The district court also denied Adeptech's motion for spoliation sanctions, finding that Adeptech failed to show FM had purposefully destroyed relevant email evidence in anticipation of litigation, crediting instead the evidence that FM had destroyed the emails at issue pursuant to its normal document retention policies.

We review the district court's grant of summary judgment de novo, affirming only if the evidence, viewed in the light most favorable to Adeptech, fails to create a genuine issue of material fact. Couch v. Jabe, 679 F.3d 197, 200 (4th Cir. 2012). We review the district court's denial of Adeptech's motion for spoliation sanctions for abuse of discretion. See Vulcan Materials Co. v. Massiah, 645 F.3d 249, 260 (4th Cir. 2011).

Having carefully reviewed the evidence of record, briefs, and applicable law and considering the parties' oral arguments, we affirm the entry of summary judgment for the reasons stated by the district court in its thorough opinion. See Adeptech Sys., Inc. v. Fed. Home Loan Mortg. Corp., No. 11-cv-383-LMB-JFA, 2011 WL 6820184 (E.D. Va. Dec. 28, 2011). We also affirm the decision to deny Adeptech's motion for spoliation sanctions as well within the district court's exercise of its broad discretion.

AFFIRMED

3